IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Billy Brabham, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  14 C 537 |
| Professional Recovery Services, Inc., a New Jersey corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Billy Brabham, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Billy Brabham ("Brabham"), is a citizen of the State of Louisiana, from whom Defendant attempted to collect a delinquent consumer debt that he allegedly owed for a Capital One account, despite the fact that he had exercised his right to refuse to pay that debt and be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program

("LASPD"), located in Chicago, Illinois.

4. Defendant, Professional Recovery Services, Inc. ("PRS"), is a New Jersey corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant PRS operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in every state, including many thousands of consumers in the State of Illinois. In fact, Defendant PRS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant PRS is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, PRS conducts business in Illinois.

6. Moreover, Defendant PRS is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, PRS acts as a debt collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. Mr. Brabham is a disabled man, with limited assets and income, who fell behind on paying his bills. While PRS was trying to collect the Capital One debt from Mr. Brabham, including, but not limited to, sending him a collection letter dated November 13, 2013, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant PRS's collection actions. A copy of PRS's collection letter is attached as Exhibit C.

8. Accordingly, on November 19, 2013, one of Mr. Brabham's attorneys at

LASPD informed PRS, in writing, that Mr. Brabham was represented by counsel, and directed PRS to cease contacting him, and to cease all further collection activities because Mr. Brabham was forced, by his financial circumstances, to refuse to pay his unsecured debts. Copies of this letter and fax confirmation are attached as Exhibit D.

9. Nonetheless, Defendant PRS called Mr. Brabham directly, including, but not limited to, telephone calls on November 20, 21 and 25, 2013, from telephone number 866-464-1013, attempting to collect the Capital One debt.

10. Accordingly, on December 18, 2013, one of Mr. Brabham's LASPD attorneys had to write to Defendant PRS again to demand that it cease communications and cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit E.

11. Defendant PRS's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant PRS's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA -- Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Mr. Brabham's agent/attorney, LASPD, told Defendant PRS to cease communications and cease collections (Exhibit D). By continuing to communicate regarding this debt, via telephone calls, and demanding payment, Defendant PRS violated § 1692c(c) of the FDCPA.

16. Defendant PRS's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant PRS knew that Mr. Brabham was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendant, in writing (Exhibit D), that he was represented by counsel, and had directed Defendant PRS to cease directly communicating with him. By directly calling Ms. Brabham, despite being advised that he was represented by counsel, Defendant PRS violated § 1692c(a)(2) of the FDCPA.

20. Defendant PRS's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Billy Brabham, prays that this Court:

1. Find that Defendant PRS's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Brabham, and against Defendant PRS, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Billy Brabham, demands trial by jury.

        Billy Brabham,

        By: /s/ David J. Philipps
        One of Plaintiff's Attorneys

Dated: January 24, 2014

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com